In the Matter of Stephen A. PUGLIESE, Respondent.

No. 32S00–1010–DI–606.

Supreme Court of Indiana.

Feb. 21, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In September 2009, a client hired Respondent to represent her in a dissolution action. They did not know each other prior to this point. During the representation, Respondent had a sexual relationship with the client. In January 2010, Respondent refunded the money the client had paid him but continued to represent her for about two months until the court granted his motion to withdraw his appearance. Shortly thereafter, the client reconciled with her husband and the dissolution action was dismissed.

The parties cite the following fact in aggravation: The client was very susceptible and vulnerable. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent has a history of service to the community and providing *pro bono* legal services.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.8(j), which prohibits engaging in a sexual relationship with a client unless it began prior to the representation.

**Discipline:** The parties propose the appropriate discipline is a 30–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning March 31, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.